UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRIAN DAVIS                                CIVIL ACTION NO. 13-cv-2182

VERSUS                                     JUDGE HICKS

BETTY MARRAK, ET AL                        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Brian Davis ("Plaintiff") was indicted by a federal grand jury for allegedly engaging in a conspiracy to distribute cocaine and crack cocaine, as well as two counts of distribution of crack cocaine.  See United States v. Ashton, et al, 13-cr-00038 (W.D. La).  A jury trial is set to commence before Judge Walter on July 22, 2013.  Plaintiff recently filed this pro se civil action against his appointed counsel, Assistant Federal Public Defender Betty Marak; Investigator Mr. Black; DeSoto Parish Sheriff Rodney Arbuckle; and unknown federal agents.

Plaintiff argues that he was charged based on an informant, who is a convicted felon and on parole, allegedly buying two-ounces of cocaine from Plaintiff on two occasions. Plaintiff reasons that the informant's legal status bars the use of the evidence at trial. Plaintiff complains that Ms. Marak would not file a motion to suppress based on this theory, has not provided him all requested discovery, and is working in concert with the Government to deprive him of his rights.  He alleges that Sheriff Arbuckle is liable for what Plaintiff

perceives are unconstitutional actions taken by his subordinates due to Arbuckle's failure to properly train them.   Plaintiff demands the court award him immediate release and $1,500,000 for mental anguish.

**Federal Public Defender**

Plaintiff filed his complaint on a form provided for prisoners to file actions under 42 U.S.C. § 1983.  That statute applies to claims against state officials who violate federal constitutional rights.  Assistant Federal Public Defender Ms. Marak and her investigator, Mr. Black, are federal rather than state employees.  Section 1983 does not apply to them.

A claim that a federal official violated constitutional rights may not be brought under Section 1983 but may be asserted pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S.Ct. 1999 (1971).  A Bivens claim requires a showing that the defendant was a federal officer acting under color of federal law.  Federal public defenders and other attorneys appointed by a federal court to represent a defendant in a federal criminal prosecution are not federal officers for purposes of a Bivens type claim. They do not act on behalf of the government, but rather serve the public by advancing the undivided interests of their clients. Allred v. McCaughey, 257 Fed. Appx. 91 (10th Cir. 2007) (collecting cases); Cox v. Hellerstein, 685 F.2d 1098, (9th Cir.1982); Lay v. Otto, 2013 WL 588946 (W.D. Ok. 2013) (neither federal public defenders nor their investigator were federal officers subject to Bivens); and Sistrunk v. Breedy, 2011 WL 2976471, n.6 (E.D. La. 2011) ("a federal public defender is neither a state actor for purposes of § 1983 nor a federal officer

for purposes of <u>Bivens</u>").  All claims against Ms. Marak and Mr. Black should, therefore, be dismissed.

**Stay of Other Claims**

The remaining allegations in Plaintiff's complaint are that the government used unlawful means to gather evidence against him and that the evidence should be suppressed. In <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 114 S.Ct. at 2372.

<u>Heck</u> was a Section 1983 case, but its rule applies with equal force to <u>Bivens</u> claims. <u>See</u> <u>Cardona v. U.S.</u>, 191 Fed. Appx. 327 (5th Cir. 2006)(dismissing <u>Bivens</u> claims against federal prosecutors pursuant to <u>Heck</u>); <u>Bounds v U.S. District Court</u>, 2007 WL 1169377, *7 (W.D. La. 2007). <u>Heck</u> is most often applied to claims for damages, but the principles of <u>Heck</u> also preclude claims for injunctive or declaratory relief that attack a conviction or sentence. <u>Summers v. Eidson</u>, 2006 WL 3071226 (5th Cir. 2006)(<u>Heck</u> "applies to injunctive as well as monetary relief"); <u>Bounds</u>, <u>supra</u>.

Plaintiff claims that the government violated the constitution when it gathered the evidence that he sold cocaine, so the evidence should be suppressed and he should be released. If Plaintiff had already been convicted of the criminal charges against him (which

may have happened by the time this recommendation is considered by the district judge), the claims against the remaining defendants would be barred by <u>Heck</u> and should be dismissed with prejudice to their being asserted again until the <u>Heck</u> conditions are met.  See <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1986).

Plaintiff's criminal charge is still pending as of this writing, so <u>Heck</u> is not directly applicable; it does not bar "an action that would impune an anticipated future conviction." <u>Wallace v. Kato</u>, 127 S.Ct. 1091, 1098 (2007).  But this does not mean the federal court should move forward with such cases filed by pretrial detainees.  <u>Wallace</u> states that if a plaintiff files a claim, before he has been convicted, related to rulings that will likely be made in a pending criminal prosecution, it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case is ended.  If the plaintiff is ultimately convicted, and the civil suit would impune that conviction, <u>Heck</u> will require dismissal.  Otherwise, the civil action may proceed absent some other bar to suit.  <u>Wallace v. Cato</u>, 127 S.Ct. 1098.

Plaintiff's claims of unlawful search and gathering of evidence should, under this reasoning, be stayed and administratively closed until the criminal proceedings are concluded.  If Plaintiff is convicted, the court may reopen the case and dismiss the claims pursuant to <u>Heck</u>.  If Plaintiff is acquitted, he may move to reopen the case and pursue his claims.

Finally, it is not grounds for suppression that a convicted felon on parole is used as a confidential informant.  Those facts may give counsel a basis to cross-examine the

informant at trial about his reliability, honesty, or motivation.  But, standing alone,  they do not make out a Fourth Amendment violation or otherwise provide grounds for a meritorious motion to suppress.

Accordingly,

**IT IS RECOMMENDED** that all claims against Betty Marak, Mr. Black, and any other employees of the Federal Public Defender Office be **dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that all remaining claims be **stayed** pending resolution of the criminal prosecution of Plaintiff and that this case be administratively closed.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass

v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of July, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE